IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION (COLUMBUS)

| | | |
|---|---|---|
| COURTHOUSE NEWS SERVICE | : | Case No.  2:25-cv-00789 |
| Plaintiff, | : | Assigned To Judge James L. Graham |
| | | Referred To Magistrate Judge |
| | | Chelsey M. Vascura |
| Vs. | : | |
| CANDY S. RUSSELL, *et. al.* | | |
| Defendants | : | |

---

## MOTIONS OF DEFENDANT SHAWN PEEPLES TO SEVER THE CLAIMS AGAINST HIM AND TO TRANSFER SEVERED CASE TO THE SOUTHERN DISTRICT OF OHIO'S WESTERN DIVISION (DAYTON)

---

Now comes Defendant, Shawn Peeples, Miami County Clerk of Courts, by and through counsel, and hereby moves, pursuant to Federal Rules of Civil Procedure 20 and 21, that the Court sever the claims made against him in the complaint as he has been improperly joined as a Defendant in the instant matter.

Furthermore, upon severance of the claims and the case against him, Defendant Peeples, pursuant to Federal Rules of Civil Procedure 12(b)(3) and 28 USCS §1404(a),  requests the Court to transfer his severed case to the Southern District of Ohio's Western Division (Dayton) as that district court has proper venue.

A "Memorandum In Support" of this motion is attached hereto.

Respectfully submitted,

By: _____

Prosecutor Paul M. Watkins (SC#0090868)
APA Christopher L. Englert (SC#0063829)
APA Jessica A. Lopez (SC#0080741)
Miami County Prosecuting Attorney's Office
201 West Main Street, Troy, Ohio 45373
Tel/Fax:  937-440-5960 / 937-440-5961
E-mail:  pwatkinsd@miamicountyohio.gov
cenglert@miamicountyohio.gov
jalopez@miamicountyohio.gov

<u>CERTIFICATE OF SERVICE</u>

This is to certify that a true copy of the foregoing document was served via e-mail or ordinary U. S. Mail, postage prepaid, on November 19, 2025, to Plaintiff's attorneys John C. Greiner (email of jgreiner@ficlaw.com) and Griffin R. Reyelts (greyelts@ficlaw.com) of FARUKI PLL, 201 East Fifth Street, Suite 1420, Cincinnati, Ohio 45202; and to Matthew Stephen Teetor (email address of mteetor@teetorlaw.com); Andrew Neil Yosowitz (email of ayosowitz@teetorlaw.com) and John Stephen Teetor (email of steetor@teetorlaw.com) of Teetor Westfall, LLC, 200 East Campus View Blvd., Suite 200, Columbus, Ohio 43235, attorneys for Defendants Candy S. Russell (in her official capacity as Clerk of the Athens County Court of Common Pleas) and Breighton Smith (in his official capacity as Clerk of the Warren County Court of Common Pleas.

_____

Christopher L. Englert (SC#0063829)
Chief Civil Assistant Prosecuting Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION (COLUMBUS)

COURTHOUSE NEWS SERVICE      :      Case No.  2:25-cv-00789

         Plaintiff,      :      Assigned To Judge James L. Graham
                                            Referred To Magistrate Judge
                                                Chelsey M. Vascura

Vs.      :

CANDY S. RUSSELL, *et. al.*

         Defendants      :

_____

**MEMORANDUM IN SUPPORT OF DEFENDANT SHAWN PEEPLES MOTIONS TO SEVER THE CLAIMS AGAINST HIM AND TO TRANSFER SEVERED CASE TO THE SOUTHERN DISTRICT OF OHIO'S WESTERN DIVISION (DAYTON)**

_____

       Defendant Shawn Peeples, Miami County Clerk of Courts, has been improperly joined as a co-defendant in this case with the other two Defendants in violation of Fed. R. Civ. P. 20.  As such, under authority of Fed. R. Civ. P. 21, the claims against him must be severed from the rest of the case and tried separately.  Furthermore, pursuant to Federal Rules of Civil Procedure 12(b)(3) and 28 USCS §1404(a), and the Court's own t S.D. Ohio Civ. R. 82.1., the severed claims and newly created case against Defendant Peeples must be transferred to the Federal District Court located in the Southern District of Ohio's Western Division (Dayton) as Defendant Peeples and the Miami County Clerk of Court's Office lie within Miami County, Ohio.  See S.D. Ohio Civ. R. 82.1.

       Federal Rule of Civil Procedure 20 governs the permissive joinder of parties.  In pertinent part the Rule provides that

**(a) Persons Who May Join or Be Joined.**

**(1) * * *;**

**(2)** *Defendants.* Persons [. . .] may be joined in one action as defendant if:
**(A)** any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
**(B)** any question of law or fact common to all defendants will arise in the action.

* * ***

In the recent case of *Price v. City of Elyria*, 2025 U.S. Dist. LEXIS 188548, *8-9 the United States District Court for the Northern District of Ohio stated in pertinent part that

> Under Rule 20, "a 'case-specific inquiry' is utilized to determine whether the claims arise out of the same transaction or occurrence." *Reynolds v. Merck Sharp & Dohme Corp.*, No. 3:15-cv-397, 2016 U.S. Dist. LEXIS 72120, at *3-4 (N.D. Ohio June 2, 2016) (quoting *Stojcevski v. Cnty. of Macomb*, 143 F. Supp. 3d 675 (E.D. Mich. 2016)). "To determine whether claims arise out of the same transaction or occurrence, the Sixth Circuit evaluates whether there is a logical relationship between the claims." *Allstate Ins. Co. v. Electrolux Home Prods.*, No. 1:16cv1946, 2016 U.S. Dist. LEXIS 165140, at *5 (N.D. Ohio Nov. 30, 2016) (citing *LASA Per L'Industria Del Marmo Soceita Per Azioni of Lasa, Italy v. Alexander*, 414 F.2d 143, 147 (6th Cir. 1969)). "[I]f the same issues of fact would determine both claims, they arise out of the same transaction or occurrence." *Wood v. Smith*, No. 2:24-cv-165, 2024 U.S. Dist. LEXIS 90928, at *34 (S.D. Ohio May 21, 2024) (quoting *LASA*, 414 F.2d at 151). "[B]ut if the proof of one claim would have no connection with the proof of the other, the claims do not arise out of the same transaction or occurrence." *CH Liquidation Ass'n Liquidation Trust v. Genesis Healthcare Sys.*, No. 5:18 CV 752, 2020 U.S. Dist. LEXIS 96243, at *7 (N.D. Ohio June 2, 2020) (quoting *Moore v. Mich. Dep't of Corr.*, No. 17-6107, 2018 U.S. App. LEXIS 25325, at *4 (6th Cir. Sept. 5, 2018)).

Thus, it is necessary to examine whether claims against Defendant Peeples arise from the same transaction, occurrence or series of transactions or occurrences as the claims against the other two Defendants in this case.

Defendant Shawn Peeples is the duly elected Clerk of Courts for the Miami County, Ohio Court of Common Pleas, and as such, responsible for the administration of the court records of the Miami County, Ohio, Court of Common Pleas. Complaint, ECF Doc # 1, Page ID #5; Answer of

Defendant Peeples, ECF Doc # 18, Page ID #1; Answer of Defendants Russell and Smith, ECF Doc #19, Page ID#2 and see generally Ohio Revised Code Chapter 2303. Defendant Candy Russell is the Clerk of Courts for the Athens County, Ohio Court of Common Pleas and as such, responsible for administration of the court records of the Athens County Court of Common Pleas. *Id.* Defendant Breighton Smith is the Clerk of Courts for the Warren County, Court of Common Pleas and as such, responsible for administration of the court records of the Warren Athens County Court of Common Pleas. *Id.* Plaintiff Courthouse News alleges that it is a "nationwide news service". Complaint, ECF Doc # 1, Page ID #5. In its complaint filed under Title 42 U.S.C. section 1983, Plaintiff alleges that the Defendants restriction of access to e-filed civil complaints until their court staff have finished a series of administrative steps, commonly referred to as "processing", violates its rights under the First and Fourteenth Amendments to the United States Constitution. See generally the Complaint, ECF Doc # 1, Page ID #21. Furthermore, Plaintiff alleges that in each of the Defendants respective Offices, newly e-filed civil complaints are effectively sealed upon receipt, with access commonly withheld for one to three days after filing. See generally the Complaint, ECF Doc # 1, Page ID #21.

A civil complaint before the Miami County Court of Common Pleas must be filed, whether via paper filing or electronic filing, with the Miami County Clerk of Courts. See generally Ohio Revised Code Chapter 2303. As Defendant Peeples is the Miami County Clerk of Courts for the Miami County Common Pleas Court, he is authorized to, and responsible for, receiving complaints e-filed with his Office. Of course, that includes setting Office policy for how e-filed complaints will be received, kept and managed as well as selecting the software package to be used and determining its configuration. See generally Ohio Revised Code Chapter 2303. However, Defendant Peeples' authority in regards to the e-filing of civil

complaints is limited to receiving, keeping and managing the court records of the Miami County Court of Common Pleas; he has nothing to do with the receipt, keeping and management of civil complaints e-filed with any other county clerk of courts, including complaints e-filed with Defendants Russell and Smith's respective Offices. Conversely, neither of them have anything to do with the receipt, keeping and management of complaints e-filed with Defendant Peeples' Office. In all respects, the three Defendants in this case act independently of each other.

Defendant Peeples' Office is clearly independent from Defendant Smith's Athens County Clerk of Courts Office and Defendant Russell's Warren County Clerk of Courts Office. As such, it is obvious that any constitutional claim that is proven against either Defendant Smith or Defendant Russell based upon their civil complaint e-filing procedures does not prove a constitutional violation by Defendant Peeples Office as his Office is independent from those Defendants' Offices. Therefore, since any proof of the claims made against Defendant Peeples for his Office's processing of e-filed civil complaints do not establish any violation by either Defendant Smith or Defendant Russell, nor does their processing of e-filed civil complaints establish proof of any violation on the part of Defendant Peeples, the claims against Defendant Peeples and the other Defendants do NOT "arise out of the same transaction, occurrence, or series of transactions or occurrences" as required by Fed. R. Civ. P. (a)(2)(A). See *CH Liquidation Ass'n Liquidation Trust v. Genesis Healthcare Sys.* as quoted by *Price v. City of Elyria* (both cases cited above)*. As a result, Defendant Peeples should not have been joined as a Defendant in this case and therefore, the claims against him must be severed.

The court in *Price v. City of Elyria (citation above)* further stated in its decision that

> . . . where the claims are not sufficiently related, the Court may sever any claim against a party" under Fed. R. Civ. P. 21. *Robinson v. Butler*, No. 3:23-CV-01611, 2024 U.S. Dist. LEXIS 1465, at *9 (N.D. Ohio Jan. 2, 2024) (citing Fed. R. Civ. P. 21). Rule 21 provides, in relevant part, that "[t]he court may . . . sever any

claim against a party." The Sixth Circuit has identified five factors that a district court should assess when deciding whether to sever a claim:
(1) whether the claims arise out of the same transaction or occurrence;
(2) whether the claims present some common questions of law or fact;
(3) whether settlement of the claims or judicial economy would be facilitated;
(4) whether prejudice would be avoided if severance were granted; and
(5) whether different witnesses and [*9] documentary proof are required for separate claims. *Parchman v. SLM Corp.*, 896 F.3d 728, 733 (6th Cir. 2018) (quoting *Productive MD, LLC v. Aetna Health, Inc.*, 969 F. Supp. 2d 901, 940 (M.D. Tenn. 2013)). "The permissive language of Rule 21 permits the district court broad discretion in determining whether or not actions should be severed." *Parchman*, 896 F.3d at 733 (quoting *Johnson v. Advanced Bionics, LLC*, No. 2:08-CV-02376-JPM, 2011 U.S. Dist. LEXIS 36289, at *20 (W.D. Tenn. Apr. 4, 2011)).

If a district court chooses to sever claims, severing the claims "creates two discrete, independent actions, which then proceed as separate suits for the purpose of finality and appealability." *Kitchen v. Heyns*, 802 F.3d 873, 874-75 (6th Cir. 2015) (quoting *Gaffney v. Riverboat Servs. of Ind., Inc.*, 451 F.3d 424, 441, n.17 (7th Cir. 2006)). "Courts treat severed claims as if the plaintiff had originally filed two separate lawsuits." *Id.* at 875.

Several of the *Parchman* factors cited above weigh in favor of severing the claims against

Defendant Peeples. *Parchman* factor 1 (see above), as established previously, weighs in favor of

Defendant Peeples as the Plaintiff's claims against him do not "arise out of the same transaction or

occurrence" as do the claims against Defendants Russell and Smith. *Parchman* factor 4 weighs in

favor of severing the claims against Defendant Peeples as prejudice against him would be avoided

if the claims against him were severed. Conversely, if the claims against Defendant Peeples are

not severed, it is likely that the actions of the other Defendants in "processing" e-filed civil

complaints will be attributed to him, even though (as demonstrated above) the actions of the

other Defendants have nothing to do with his Office's processing of e-filed civil complaints.

Indeed, the Complaint filed in this case demonstrates the likelihood of such prejudice as several

paragraphs contained therein allege that the Defendants actions are creating constitutional

violations even though the Defendants individual Offices act independently of each other. See

generally the Complaint, ECF Document 1. Finally *Parchman* factor 5 (see above) weighs in favor of severing the claims against Defendant Peeples since the severed claims will be brought against him alone and as such, it will be necessary for him to procure witnesses, documents, and/or other evidence specifically related to the defense of any claims made specifically against him. Each of these factors supports the severing of the claims against him into a separate case. Indeed, the existence of one of these factors is sufficient to support the severing of the claims against him.

Upon severance of the claims against Defendant Peeples, it is clear that 28 USCS §1404(a), which governs the transfer of cases from one district court to another district court requires that venue for the newly created case between Defendant Peeples and the Plaintiff be transferred to the Southern District of Ohio's Western Division (Dayton) for the "convenience of the parties and witnesses" and "in the interest of justice". In pertinent part 28 USCS Section 1404 provides

> **a)**For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.
>
> **(b)**Upon motion, consent or stipulation of all parties, any action, suit or proceeding of a civil nature or any motion or hearing thereof, may be transferred, in the discretion of the court, from the division in which pending to any other division in the same district. Transfer of proceedings in rem brought by or on behalf of the United States may be transferred under this section without the consent of the United States where all other parties request transfer.

In *Doe (T.D.W.) v. Red Roof Inns, Inc., 2025 U.S. Dist. LEXIS 94976, *5-6* this Court stated that

> Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The threshold issue under § 1404(a) is whether the action could be brought in the transferee court. *Kay v. Nat'l City Mortg. Co.*, 494 F. Supp. 2d 845, 849 (S.D. Ohio 2007). If a case could be brought in the transferee court, "the issue becomes whether transfer is justified under the balance of the language of § 1404(a)." *Id.* In balancing convenience, the Court must consider factors such as "the private interests of the parties, including their convenience and

the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.'" *Moore v. Rohm & Haas Co.*, 446 F.3d 643, 647 n.1 (6th Cir. 2006) (quoting *Moses v. Bus. Card Exp., Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991)). Relevant private interest factors to consider include the following: "(1) the plaintiff's choice of forum; (2) where the parties reside; (3) the location of willing and unwilling witnesses; (4) the location of evidence; and (5) the locus of events that gave rise to the dispute." *Olin-Marquez v. Arrow Senior Living Management, LLC*, 586 F. Supp. 3d 759, 776 (S.D. Ohio 2022) (internal citations omitted). Relevant public interest factors [*6] include: "(1) the court's interest in judicial economy; (2) docket congestion; (3) local interest in deciding the controversy at home; (4) the public's general interest in systemic integrity and fairness; and (5) the court's familiarity with the governing law." *Id.* at 778 (citing *Youngblood v. Life Ins. Co. of N. Am.*, No. 3:16-CV-34, 2016 U.S. Dist. LEXIS 50081, 2016 WL 1466559, at *1 (W.D. Ky. Apr. 14, 2016)).

Under this analysis, venue for the new case between Defendant Peeples and the Plaintiff clearly must be transferred to Southern District of Ohio's Western Division (Dayton).

The Plaintiff alleges in the complaint that venue is appropriate in this district (the United States District Court For the Southern District of the Ohio Eastern Division (Columbus)) under 28 U.S.C. section 1391(b) and (c) because Defendant Russell resides in this Court's jurisdiction; Defendants Peeples, Russell and Smith are all residents of the State of Ohio; and Defendants Peeples, Russell and Smith are public officials who are employed in, perform their duties in, and reside in Ohio.   Complaint, ECF Doc # 1,  Page ID #4, 5.   Regardless of whether this Court is the proper venue for the original case against all three Defendants, it is clearly NOT the appropriate venue for the case "created" when the claims against Defendant Peeples are severed from the complaint.

Defendant Peeples is a resident of Miami County, Ohio and moreover, the public office of Miami County Clerk of Courts to which he has been duly elected lies within Miami County, Ohio. Complaint, ECF Doc # 1,  Page ID #5; Answer of Defendant Peeples,  ECF Doc # 18,  Page ID #1; Answer of Defendants Russell and Smith, ECF Doc #19, Page ID#2.  As such, pursuant to S.D. Ohio Civ. R. 82.1, the original case could have been filed against him (and the other Defendants as

residents of the State of Ohio) in the Southern District of Ohio's Western Division (Dayton) rather than this Court. However, based upon Defendant Russell's residency in Athens County, Ohio Plaintiff chose to file in this District Court instead. See S.D. Ohio Civ. R. 82.1.

However, upon severance of the claims against Defendant Peeples, a new, separate, case is created between Defendant Peeples and Plaintiff (see *Price v. City of Elyria* citing *Kitchen v. Heyns* above). Since Defendant Russell is not a party to the "new" case between Defendant Peeples and Plaintiff, venue for the "new" case is not proper in this district court. Rather the new case should be transferred to the Southern District of Ohio's Western Division (Dayton) as that is the proper venue for a case against Miami County, Ohio resident Defendant Peeples under S.D. Ohio Civ. R. 82.1. Moreover, the convenience of witnesses as well as the interests of justice requires that the new case be transferred to the Southern District of Ohio's Western Division (Dayton).

All witnesses that Defendant Peeples may call in defense of the severed claims are located in Miami County, Ohio. All non-testimonial evidence related to the severed claims against Defendant Peeples and his Office are located in Miami County, Ohio. Indeed, the location of the events leading to the claims against Defendant Peeples is located within Miami County, Ohio. Thus, the Southern District of Ohio's Western Division (Dayton) Court is much more convenient than the District Court located in Columbus, Ohio. See *Doe (T.D.W.) v. Red Roof Inns, Inc.* (cited above). Furthermore, the interest of justice will be best served if the new case is tried locally in Dayton, Ohio rather than miles away in Columbus, Ohio in an unfamiliar court. Obviously, Defendant Peeples and the residents of Miami County have a great interest in having the claims against Defendant Peeples heard in a local court.

THEREFORE, based upon the foregoing, the claims against Defendant Peeples must be severed and the newly created case transferred to the Federal District Court located in the Southern District of Ohio's Western Division (Dayton).

Respectfully submitted,

By: _____
Prosecutor Paul M. Watkins (SC#0090868)
APA Christopher L. Englert (SC#0063829)(LA)
APA Jessica A. Lopez (SC#0080741)
Miami County Prosecuting Attorney's Office
201 West Main Street
Troy, Ohio 45373
Tel/Fax:  937-440-5960 / 937-440-5961
E-mail:    pwatkinsd@miamicountyohio.gov
               cenglert@miamicountyohio.gov
               jalopez@miamicountyohio.gov

<u>CERTIFICATE OF SERVICE</u>

This is to certify that a true copy of the foregoing document was served via e-mail or ordinary U. S. Mail, postage prepaid, on November 19, 2025, to Plaintiff's attorneys John C. Greiner (email of jgreiner@ficlaw.com) and Griffin R. Reyelts (greyelts@ficlaw.com) of FARUKI PLL, 201 East Fifth Street, Suite 1420, Cincinnati, Ohio 45202; and to Matthew Stephen Teetor (email address of mteetor@teetorlaw.com);  Andrew Neil Yosowitz (email of ayosowitz@teetorlaw.com) and John Stephen Teetor (email of steetor@teetorlaw.com) of Teetor Westfall, LLC, 200 East Campus View Blvd., Suite 200, Columbus, Ohio 43235, attorneys for Defendants Candy S. Russell (in her official capacity as Clerk of the Athens County Court of Common Pleas) and Breighton Smith (in his official capacity as Clerk of the Warren County Court of Common Pleas.

Christopher L. Englert (SC#0063829)
Chief Civil Assistant Prosecuting Attorney